1   Guy W. Chambers,<gwchambers@townsend.com> (SBN 101611)
    TOWNSEND TOWNSEND & CREW LLP
2   Two Embarcadero Center, 8th Floor
    San Francisco, CA 94111-3834
3   Telephone:    (415) 576-0200
    Facsimile:    (415) 576-0300
4
    Edwin I. Lasman, <edwin.lasman@telemac.com> (SBN 105943)
5   TELEMAC CORPORATION
    6701 Center Drive West, Suite 700
6   Los Angeles, CA 90045
    Telephone:    (310) 568-6514
7
    *Attorneys for Plaintiff, TELEMAC CORPORATION*
8
    Tammy S. Wood, <tammyw@bellnunnally.com>
9   *Admitted Pro Hac Vice*
    Jeffrey S. Lowenstein, <jeffl@bellnunnally.com>
10  *Admitted Pro Hac Vice*
    Neal J. Suit, <neals@bellnunnally.com>
11  *Admitted Pro Hac Vice*
    BELL NUNNALLY & MARTIN LLP
12  3232 McKinney Avenue, Suite 1400
    Dallas, TX 75204
13  Telephone: (214) 740-1400
    Facsimile: (214) 740-1499
14
    Matthew T. Powers, <mpowers@sidley.com> (SBN 124493)
15  SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
16  San Francisco, CA 94104
    Telephone: (415) 772-1200
17  Facsimile: (415) 772-7400

    *Attorneys for Defendants,* PHONETEC, LP
18  And PHONETEC PCS, LLC
    TELEMAC CORPORATION
19
                    UNITED STATES DISTRICT COURT
20
                    NORTHERN DISTRICT OF CALIFORNIA
21

22  | TELEMAC CORPORATION, a Delaware | Civil Action No.:  C 04-1486 CW |
    | corporation,                    |                                 |
23  |                Plaintiff,       | STIPULATION AND                 |
    |                    v.           | PROTECTIVE ORDER                |
24  | PHONETEC LP, a Texas Limited Partnership; | |
    | PHONETEC PCS, LLC, A Texas Limited | |
25  | Liability Company; and DOES 1 through 20, | |
    | inclusive,                      |                                 |
26  |                Defendants.      |                                 |
27

                                    1

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of some confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following protective order.  The Parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that constitutes a trade secret or other confidential research, development, or commercial information.

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury.

2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   <u>Designating Party</u>: a Party or non-party that designates information or items that it produces, or permits to be produced, in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."  Protected Material includes any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that reveals Protected Material.

2.9.   <u>Outside Counsel</u>: attorneys who are not employees of a party to this action but who are retained to represent or advise a party to this action.

2.10   <u>House Counsel</u>: attorneys who are employees of a party to this action.

2.11   <u>Counsel</u>: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, and retrieving data in any form or medium) and their employees and subcontractors.

3.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.     DESIGNATING PROTECTED MATERIAL

    4.1    Exercise of Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must review the Disclosure or Discovery Material and take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.  To be effective, such notice must be in writing from, or stated on the record by, Counsel of record for the Designating Party.

    4.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)  for information in documentary form (apart from transcripts of depositions or of other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted (either "Confidential" Or "Highly Confidential – Attorneys' Eyes Only").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend and notations as specified in the preceding paragraph.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" Or "Highly Confidential – Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Until expiration of the 30 day designation period, the entire transcript with exhibits shall be considered "Highly Confidential – Attorneys' Eyes Only".

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL" or

1   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

2   non-party offering or sponsoring the witness or presenting the testimony.

3           (c)   for information produced in some form other than documentary, and for any

4   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

5   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

6   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

7   information or item warrant protection, the Producing Party, to the extent practicable, shall

8   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

9   Confidential – Attorneys' Eyes Only."

10          4.3    Inadvertent Failures to Properly Designate. If timely corrected, an inadvertent

11   failure to designate qualified information or items as "Confidential" or "Highly Confidential –

12   Attorneys' Eyes Only" does not, standing alone, waive, or otherwise prejudice, the Designating

13   Party's right to secure protection under this Order for such material. Under such circumstances,

14   the Producing Party shall provide the Receiving Party with timely written notice and any

15   properly designated materials to replace the improperly designated materials, and the Receiving

16   Party must retrieve and destroy the original and all copies of the improperly designated materials

17   in its possession and that have been disseminated and make reasonable efforts to assure that the

18   materials are treated in accordance with the provisions of this Order.  Compliance by the

19   Receiving Party with this paragraph shall not constitute an admission that the materials are

20   properly designated, and shall not in any way prejudice any party from moving the court for an

21   order that such materials have been improperly designated.

22          The inadvertent production of any Disclosure or Discovery Material does not, standing

23   alone, waive, or otherwise prejudice, any claim by any person that such material is privileged or

24   otherwise protected under the attorney-client privilege, work product immunity, or any other

25   applicable privilege or protection.  Under such circumstances, upon written notice from the

26   Producing Party, the Receiving Party shall return the original and all copies of such materials in

27   its possession and that it has disseminated, and shall not use such information for any purpose

6

1    until further order of the court. Return of the such materials by the Receiving Party shall not

2    constitute an admission that the materials are properly subject to the claimed privilege or

3    protection, and shall not in any way prejudice any party from moving the court for an order that

4    such materials have been improperly designated or should be produced for reasons other than an

5    alleged waiver caused by the inadvertent production.

6    5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7            5.1      Timing of Challenges. Unless a prompt challenge to a Designating Party's

8    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

9    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

10   waive, or otherwise prejudice, its right to challenge a confidentiality designation by electing not

11   to mount a challenge promptly after a designation is disclosed.

12           5.2      Meet and Confer. A Party that elects to initiate a challenge to a Designating

13   Party's confidentiality designation must do so in good faith and must begin the process by

14   conferring directly (through direct voice to voice dialogue) with Counsel of record for the

15   Designating Party. In conferring, the challenging Party must explain the basis for its belief that

16   the confidentiality designation was not proper and must give the Designating Party an

17   opportunity to review the designated material, to reconsider the circumstances, and, if no change

18   in designation is offered, to explain the basis for the chosen designation. A challenging Party

19   may proceed to the next stage of the challenge process only if it has engaged in this meet and

20   confer process first.

21           5.3      Judicial Intervention. A Party that elects to press a challenge to a confidentiality

22   designation after considering the justification offered by the Designating Party may file and

23   serve a motion that identifies the challenged material and sets forth in detail the basis for the

24   challenge. Each such motion must be accompanied by a competent declaration that affirms that

25   the movant has complied with the meet and confer requirements imposed in the preceding

26   paragraph and that sets forth with specificity the justification for the confidentiality designation

27   that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Without limiting the generality of this section, the Receiving Party shall not use Protected Material for any business, competitive, patent prosecution, or other litigation purpose, and shall not disclose such information to anyone except as provided herein.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

6.2    Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)  the Receiving Party's Counsel of record in this action and House Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in section 7.4 have been followed;

(d)  the court and its personnel;

(e)  court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) (Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.);

(g)  persons shown to have prepared or previously received the Protected Material; and

(h)  persons whom the Designating Party agrees may be shown the Protected Material.

6.3    <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)  the Receiving Party's [Outside] Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in section 7.4 have been followed;

1    (c)  the court and its personnel;

2    (d)  court reporters, their staffs, and Professional Vendors to whom disclosure is

3  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A); and

5    (e)  persons shown to have prepared or previously received the Protected

6  Material.

7    6.4   <u>Procedures for Approving Disclosure of Protected Material to Experts</u>

8    (a)  Unless otherwise ordered by the court or agreed in writing by the Designating

9  Party, a Party that seeks to disclose to an Expert any Protected Material first must make a written

10  request to the Designating Party that (1) sets forth the full name of the Expert and the city and

11  state of his or her primary residence, and (2) identifies the Expert's current employer(s) and

12  positions held for the past 10 years

13    (b)  A Party that makes a request and provides the information specified in the

14  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

15  within seven court days of delivering the request, the Party receives a written objection from the

16  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

17  The Designating Party may object on the grounds that the proposed Expert is or was an

18  employee of, or otherwise associated with, a competitor of the Designating Party.

19    (c)  a Party that receives a timely written objection must meet and confer with the

20  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

21  agreement. If no agreement is reached, the Party seeking to prevent the disclosure to the Expert

22  may file a motion seeking permission from the court to do so. Any such motion must describe

23  the circumstances with specificity, and assess the risk of harm that the disclosure would entail. In

24  addition, any such motion must be accompanied by a competent declaration in which the movant

25  describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

26  of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party

27  for its refusal to approve the disclosure. If the Designating Party does not file a motion in

10

accordance with this paragraph to prevent the disclosure within fifteen (15) days of service of its written objection, then the objection is deemed waived, and the Party receiving the written objection may disclose the Protected Material to the Expert.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of persuasion that the risk of harm entailed in disclosure to a specific Expert outweighs the Receiving Party's need to disclose to that Expert.

6.5    "Agreement to Be Bound by Protective Order" Counsel of record for a Receiving Party shall maintain the signed copies of the "Agreements to Be Bound by Protective Order" (Exhibit A).

6.6    Summary of "Highly Confidential – Attorneys' Eyes Only" In order to permit directors and officers of the Receiving Party to review information relating to the computation of damages that is marked "Highly Confidential – Attorneys' Eyes Only", the Receiving Party's [Outside] Counsel of record (and its support staff) should distill such information into a summary, provide the Designating Party with the summary, request the Designating Party to designate the summary as "Confidential", and use the procedure in section 6 to reach an agreement, or obtain a court order, designating such a summary as "Confidential".

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.   In addition, the Receiving Party must deliver a

11

1   copy of this Order promptly to the Party in the other action that caused the subpoena or order to

2   issue.

3        The purpose of imposing these duties is to alert the interested parties to the existence of

4   this Order and to afford the Designating Party in this case an opportunity to try to protect its

5   confidentiality interests in the court from which the subpoena or order issued. The Designating

6   Party shall bear the burdens and the expenses of seeking protection in that court of its

7   confidential material – and nothing in these provisions should be construed as authorizing or

8   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9   8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Order, the Receiving

12  Party must immediately (a) notify in writing the Designating Party of the unauthorized

13  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

14  person or persons to whom unauthorized disclosures were made of all the terms of this Order,

15  and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

16  Bound" that is attached hereto as Exhibit A.

17  9.      FILING PROTECTED MATERIAL.

18        Without written permission from the Designating Party or a court order secured after

19  appropriate notice to all interested persons, a Party may not file in the public record in this action

20  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

21  with Civil Local Rule 79-5.

22  10.     FINAL DISPOSITION.

23        Unless otherwise ordered or agreed in writing by the Producing Party, within ninety days

24  after the final termination of this action, each Receiving Party must return all Protected Material

25  to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

26  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

27  Protected Material. With permission in writing from the Designating Party, the Receiving Party

12

may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel, as appropriate for the designated level of protection, are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

11.   <u>MISCELLANEOUS</u>

11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, including without limitation, that particular Disclosure or Discovery Material be treated more restrictively than otherwise provided for herein.

11.2   <u>Right to Assert Other Objections</u>. Stipulating to the entry of, and performing under, this Order, does not waives, or otherwise prejudice, any right a Party would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, stipulating to the entry of, and performing under, this Order, does not waive, or otherwise prejudice, any right to object on any ground to the use in evidence of any Disclosure or Discovery Material.

11.3   <u>Limited Scope</u>. This Order has no effect upon the admissibility of any document, testimony, or other evidence at trial.  This Order has no effect upon, and its scope shall not extend to, any party's use of its own confidential information.  Stipulating to the entry of, and performing under, this Order does not (a) constitute an admission that any Disclosure or Discovery Material is a trade secret or confidential, or (b) waive, or otherwise prejudice, any

13

1   claim by any person that any Disclosure or Discovery Material is privileged or otherwise

2   protected under the attorney-client privilege, work product immunity, or any other applicable

3   privilege or protection.

4          If a Receiving Party is legally obligated to disclose Protected Material to a governmental

5   taxing authority or any other regulatory or administrative agency, the Receiving Party may do so

6   provided that (a) where circumstances permit, it gives the Designating Party sufficient prior

7   written notice to afford the Designating Party, at its sole expense, an opportunity to try to protect

8   its confidentiality interests by seeking an appropriate remedy against the intended disclosure by

9   the Receiving Party and (b) in any event, the Receiving Party discloses only so much of the

10  Protected Material as is necessary to comply with its legal obligation.

11         11.4   <u>Deposition Attendees</u>. Attendees at depositions in which confidential testimony is

12  given or Protected Materials are discussed shall be limited during disclosure to those entitled to

13  disclosure under this Order.

14         11.5   <u>New Parties</u>. Parties that are joined, added, or substituted into this action shall not

15  have access to Protected Materials until the new Party, or its Counsel, has executed, and filed

16  with the court, its agreement to be bound by this Order or such other protective order as the court

17  may issue.

18

19

20

21

22

23

24

25

26

27

---

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2                    SIDLEY AUSTIN LLP

3

4   Dated:  August 1, 2006     By:   /s/Matthew T. Powers
                                  Matthew T. Powers

5                                 Attorney for Defendants
                               PHONETEC LP and PHONETEC PCS, LLC

6

7                    BELL NUNNALLY & MARTIN LLP

8

9   Dated:  August 1, 2006     By:   /s/ Tammy S. Wood
                                  Tammy S. Wood

10                               Attorney for Defendants
                               PHONETEC LP and PHONETEC PCS, LLC

11

12                  TELEMAC CORPORATION

13

14   Dated: August 1, 2006     By:   /s/ Edwin I. Lasman
                                  Edwin I. Lasman

15                               Attorney for Plaintiff
                               TELEMAC CORPOARTION

16

17                  TOWNSEND AND TOWNSEND AND CREW LLP

18

19   Dated: August 1, 2006     By:   /s/ Guy W. Chambers
                                  Guy W. Chambers

20                               Attorney for Plaintiff
                               TELEMAC CORPORATION

21

22                           **DECLARATION**

23       The undersigned attests that concurrence in this filing has been obtained from all of the

24  above signatories.

25                      By:   /s/ Tammy S. Wood
                                  Tammy S. Wood

26                               Attorney for Defendants

27                               PHONETEC LP and PHONETEC PCS, LLC

15

PURSUANT TO STIPULATION, IT IS SO ORDERED:

      8/10/06                         /s/ CLAUDIA WILKEN

Dated: _____     By: _____

                                    Honorable Claudia Wilken
                                    U.S. District Court Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2006 in the case of *Telemac Corporation v. Phonetec LP and Phonetec PCS, LLC, et al.*, Civil Action No. C-04-1486 (this "Order"). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose or use in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]

17