IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEMAC CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>TELEDIGITAL, INC., a Delaware corporation; TELEDIGITAL DEVELOPMENT, INC., a Minnesota corporation; and DOES 1 though 20, inclusive,<br><br>        Defendants.<br>_____/<br><br>TELEMAC CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>PHONETEC, LP, a Texas limited partnership; PHONETEC PCS, LCC, a Texas limited liability corporation; and DOES 1 though 20, inclusive,<br><br>        Defendants.<br>_____/ | No. C 04-1486 CW<br>No. C 04-4696 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF PATENTS |

    Defendants Teledigital, Inc., and Teledigital Development, Inc. (collectively, Teledigital) and Defendants Phonetec LP and Phonetec PCS, LLC (collectively, Phonetec) separately move for a

1  stay of preceedings in Plaintiff Telemac Corporation's related
2  lawsuits against them pending reexamination of Telemac's patents
3  by the United States Patent and Trademark Office (PTO). Telemac
4  opposes the motions. The matters were taken under submission on
5  the papers. Having considered all of the papers filed by the
6  parties, the Court denies Defendants' motions for a stay.

## BACKGROUND

8   Telemac is the owner of five patents involving technology
9  that enables customers to pre-pay for cellular phone service, U.S.
10 Patent Nos. 5,577,100, 6,198,915B1, 6,650,887B2, 6,480,710B1 and
11 6,625,439B2 (collectively, the patents). Telemac filed a patent
12 infringement lawsuit against Phonetec on April 15, 2004 and
13 against Teledigital on November 5, 2004. In addition, Telemac
14 alleges that Phonetec is liable as the successor to defendants who
15 this Court found, in earlier, related action, had infringed
16 Telemac's patents. See Telemac Corp. v. US/Intelicom, Inc., 185
17 F. Supp. 2d 1084 (N.D. Cal. 2001) (finding certain patents
18 infringed).

19  Both of the cases have progressed slowly thus far. The Court
20 denied Teledigital's and Phonetec's motions to dismiss on March
21 25, 2005. On October 5, 2005, the parties participated in court-
22 ordered mediation. Prior to participating in the mediation,
23 Teledigital informed Telemac that if the case did not settle,
24 Teledigital would seek reexamination of Telemac's patents as well
25 as a stay of the proceedings in this Court. Schultz Decl. ¶ 9.
26 Based on the mediation, the parties agreed on October 18, 2005 not
27 to engage in further discovery or other litigation activity,

2

including reexamination of Telemac's patents.  Settlement negotiations between Phonetec and Telemac lasted until Feburary, 2006, after which Phonetec changed counsel.  Wood Decl. ¶ 3-4. Between Telemac and Teledigital, the mutual agreement to forbear from litigation activity was extended through mid-May, 2006, when settlement negotiations broke down.  Schultz Decl. ¶ 10.

Telemac served its first sets of interrogatories and document requests on Teledigital on July 8, 2005, and its requests for admissions on September 2, 2005.  Teledigital, in turn, served its first sets of interrogatories and document requests on September 9 and 13, 2005, and Telemac responded on May 30, 2006.  So far, Telemac has produced over 3,000 documents to Teledigital.[1] Chambers Decl. ¶ 9.  Telemac disclosed the identity of its infringement and damages experts on July 7, 2006, but did not disclose any expert reports.  Telemac and Teledigital currently dispute the responsiveness and completeness of each other's discovery responses.  In its September 9, 2005 answers to Telemac's first set of interrogatories, Teledigital disclosed that it has lost more than one million dollars per year since 2000. Chambers Decl., Ex. G, Resp. to Interrog. No. 5.  Teledigital answered Telemac's first set of requests for admissions on June 21, 2006.

---

[1] Phonetec objects to this statement on grounds that it is "irrelevant, contains hearsay, and is not based on personal knowledge," but the extent of discovery is relevant to Phonetec's motion for a stay, and Mr. Chambers declares that he personally reviewed "many" of the 1300 documents and approved their production.  Phonetec's objection is therefore overruled. Phonetec's other objections to the Chambers Declaration are overruled as moot.

3

Telemac served its first sets of interrogatories and document requests on Phonetec on July 18, 2005.  Phonetec served written responses to Telemac's written discovery requests on April 14, 2006, and provided supplemental interrogatory responses on June 16, 2006.  Wood Decl. ¶ 5.  Phonetec also disclosed that it has lost money during each year of sales of the allegedly infringing products.  Chambers Decl., Ex. G.  Phonetec served its first set of document requests on Telemac on May 15, 2006, and Telemac served written responses on June 19, 2006, but, according to Phonetec's counsel, "produced no responsive documents."  Wood Decl. ¶ 6.  The only deposition taken thus far has been the June 8, 2006 telephonic deposition of Phonetec.  At that deposition, Phonetec Managing Member John Lowry testified that individual Phonetec sales records were lost in 2003 when it switched accounting systems, although balances and summaries were preserved.  Chambers Decl., Ex. H, Lowry Dep. 32-37.  Telemac and Phonetec currently dispute the responsiveness and completeness of each other's discovery responses.

Pursuant to the parties' stipulation, the current deadline for the cut-off of fact discovery is September 29, 2006; the deadline for hearing case-dispositive motions is February 16, 2007; and the trial is set for June 18, 2007.  See Feburary 23, 2006 Order Granting Stipulation Amending Case Management Dates.

Teledigital filed petitions for reexamination of the patents on June 26, 2006.  Pursuant to the statute governing reexamination of patents, the PTO has up to three months following the filing of a request for reexamination to determine whether a substantial new

4

question of patentability is raised by the request. 35 U.S.C. § 303(a). If the PTO decides that reexamination is warranted, Telemac will be given at least two months within which to file a statement on the question of patentability, and Teledigital will then have at least two months in which to file a reply. Id. § 304. "All reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office." Id. § 305.

Although the PTO does not publish the current average time from filing to resolution of a request for reexamination, observers have noted that the process may be lengthy. See In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (finding that reexaminations generally take from six months to three years); Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 n.1 (W.D. N.Y. 1999) (noting statistics showing that the average pendency of reexamination before the PTO is 19.2 months, not including appeals). According to the PTO's statistics, the office granted approximately ninety-two percent of requests for reexamination in fiscal year 2004. See United States PTO, Performance and Accountability Rep. Fiscal Year 2004 (Table 13A), available at http://www.uspto.gov/web/offices/com/annual/2004/060413a_table13a.html. "Statistical information regarding reexamination indicates that the PTO confirms all claims in approximately 24% of the cases, cancels all claims in approximately 12% of the cases, and changes some claims in approximately 64% of the cases." KLA-Tencor Corp. v. Nanometrics,

5

Inc., 2006 WL 708661, *4 (N.D. Cal. Mar. 16, 2006) (citing Rohm and Haas Co. v. Brotech Corp., 24 U.S.P.Q 2d 1269, 1372 (D. Del. 1992)).

On July 24, 2006, the PTO notified Teledigital of its failure to comply with ex parte reexamination request filing requirements, set forth in 37 C.F.R. § 1.510(c), with respect to four of the five patents. The PTO found that Teledigital's requests were missing the necessary

> statement point out each substantial new question of patentability based on the cited patents & printed publications, and a detailed explanation of the pertinency and manner of applying the patents & printed publications to every claim for which reexamination is requested.

Chambers Decl., Exs. A, B, C and D. The PTO told Teledigital that until these deficiencies were corrected, its requests for reexamination would not be assigned a filing date.

## DISCUSSION

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for purposes of re-examination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985). One court in this district has noted that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination or re-issuance proceedings, especially in cases

6

that are still in the initial stages of litigation and where there has been little or no discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay this case pending re-examination, the Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus, 385 F. Supp. 2d at 1023. On balance, the factors here weigh against a stay.

1. Stage of Proceedings

Teledigital and Phonetec's requests for a stay come eighteen and twenty-seven months, respectively, after claims were filed against them. The cases are close to the September 29 deadline for completion of fact discovery, and a trial date is set for June, 2007. Although discovery should be well underway, each side maintains that the other's responses so far have been inadequate, and an extension of current deadlines may be warranted. As Defendants note, eight months of the cases' pendency is attributable to the parties' mutual decision to attempt settlement. Nevertheless, this case is not in an "early stage" of proceedings. The Court finds that this factor weighs slightly against a stay.

2. Simplification

It is possible that reexamination by the PTO would simply the issues for trial. On the other hand, it is likely that at least

7

some claims and issues would remain.  Because this Court is already familiar with some of Telemac's patents, its interest in simplifying the proceedings by waiting for the PTO to reexamine the patents is not as strong as it might otherwise be.  This factor also slightly favors granting a stay.

    3.   Undue Prejudice or Clear Tactical Disadvantage

Teledigital and Phonetec fail to respond to Telemac's most compelling showing of prejudice: as demonstrated by Defendants' responses to Telemac's interrogatories, Teledigital and Phonetec may lack the resources to compensate Telemac in the event of a finding of infringement.  The fact that the PTO found that four of Teledigital's requests for reexamination were missing necessary elements (a problem Defendants describe as a "mere procedural maneuver" by the PTO to gather more information), further suggests that Teledigital is taking tactical advantage of opportunities for delay.  Also, Phonetec's failure to preserve individual records suggests that further delay could lead to further loss of information.  Although the likely length of reexamination is not, in itself, evidence of undue prejudice, in the circumstances of this case, a possibly lengthy delay would put Telemac at a clear tactical disadvantage.  The Court finds that this favor weighs strongly against a stay.

## CONCLUSION

For the foregoing reasons, the Court DENIES both Teledigital and Phonetec's motions to stay the lawsuits against them pending reexamination by the PTO (Docket No. 72 in case No. 04-1486 and

8

Docket No. 97 in case No. 04-4696).

    IT IS SO ORDERED.

Dated: 9/13/06



CLAUDIA WILKEN
United States District Judge